In the Matter of FRANCIS X. GOETTE, an Attorney, Respondent.

First Department, July 2, 1924.

Attorney and client — disciplinary proceedings — attorney disbarred for converting money of client.

An attorney is disbarred for professional misconduct, where it appears that he converted money given to him by a client for the purpose of paying the fee of a title insurance company, that he has not paid a judgment recovered against him by the insurance company and assigned to the client, and that he converted money given to him by his client to pay the interest on a mortgage.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*George D. Little*, for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar at the June term, 1914, of the Appellate Division, Second Department.

The petition alleges that the respondent has been guilty of misconduct as an attorney at law, and sets forth two specific charges of conversion of the moneys of his client. The learned official referee to whom the matter was referred reports that in August, 1922, Leonard Rammo and his wife Julia purchased a vacant lot in Flushing, L. I., for the sum of $1,200, subject to a mortgage of $900, and paid $300 in cash, that they retained the respondent to search the title, and paid him, as he demanded, the sum of $25 for his services. Title was closed and the respondent attended at the closing and took possession of the deed that was delivered on that occasion, for the purpose of having the same

recorded. Subsequently the respondent sent a bill to the Rammos, as follows:

" When I reached my office I found the Title Co. bill. The account is as follows:

| | | |
|---|---:|---:|
| " T. G. & T. Co. bill for search &c | $55 | 41 |
| Recording fee on deed | 5 | 00 |
| My fee | 25 | 00 |
| Total | $85 | 41 |
| Rec a/c | 25 | 00 |
| Bal. due | $60 | 41 |

" Sincerely,

" 11/9/22.      F. X. GOETTE."

On the ninth of November the Rammos delivered to the respondent a check for the sum of sixty dollars. It will be noticed that in this bill the respondent claimed fifty-five dollars and forty-one cents as for the bill of the Title Guaranty and Trust Company for searches. Some time elapsed, and the Rammos, not having heard as to the recording of their deed, called upon the title company and were then informed that the title company bill, for which the respondent charged the Rammos and which was paid by them to him, had not been paid by the respondent to the title company. It further appears that although the title company sent a number of notices to the respondent, he failed to use any part of the money which he had received from his clients to pay the bill of the title company. Several months after the money had been received by him the title company brought an action against the respondent and recovered judgment for the amount of the bill. The client, in order to obtain his policy of title insurance, was compelled to pay this bill, and he then received an assignment of the judgment against the respondent. The judgment still remains unpaid.

The Rammos also delivered to the respondent the sum of $112 in cash on the 30th of April, 1923, for which he gave a receipt dated on that day, to be forwarded by the respondent for the payment of interest to the mortgagee of the property. The respondent failed to deliver this amount to the mortgagee, and when attention was called to it, the money was repaid by his brother by check of July 3, 1923. It appears from the evidence that the respondent had a number of judgments against him, and that he had no bank account of his own; that he had in his office a younger brother who was a law student, and that there was a bank account

in that brother's name marked " special," in which was deposited moneys coming into the respondent's office, and in which was deposited the check of the Rammos above alluded to. The transcript of this account in the bank disclosed that this account was frequently overdrawn, and that a very short time after the money had been received from the Rammos to pay the title company, there was a balance of less than thirty dollars in the account, and that in February, 1923, it amounted only to two dollars and eighty-seven cents.

The learned official referee reports that he finds from the evidence adduced and the admissions of the respondent, that he is clearly guilty of having converted to his own use the moneys received by him to be paid to the title company, and also retained for a length of time the $112 that he was to pay over to the mortgagee of the premises purchased by the Rammos.

A reading of the entire record leads to the conclusion that the finding of the learned official referee was fully justified by the evidence, and that no other result was possible. It is unnecessary to set forth the attempted defenses, for the referee has found, and we agree with him, that the evidence adduced by the respondent was so indefinite and uncertain that it fails to have any probative force. We, therefore, approve of the finding. The conversion by an attorney of moneys received by him from his client for a specific purpose is professional misconduct. An attorney guilty of such misconduct ought not to be allowed to remain a member of the bar. There is nothing in this record which suggests mitigation.

The respondent, therefore, is disbarred.

DOWLING, SMITH, McAVOY and MARTIN, JJ., concur.

Respondent disbarred. Settle order on notice.